UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:20-CV-00137-KKC-EBA

MICHAEL DAVID HOWER,                                                                         PLAINTIFF,

V.                              **MEMORANDUM OPINION & ORDER**

LT. SHELTON,                                                                                  DEFENDANT.

*** *** *** ***

Plaintiff Michael David Hower, a federal prisoner proceeding *pro se*, initiated the above-styled action and alleges that, while incarcerated in the Federal Correctional Institution in Ashland, Kentucky ("FCI – Ashland"), Defendant Lieutenant Christopher Shelton violated his First and Eighth Amendment rights. [R. 1]. Now, Hower has filed several discovery-related motions. [R. 63 & 64]. This matter has been fully briefed and is now ripe for review.

### I. FACTS AND PROCEDURAL HISTORY

On November 9, 2020, Plaintiff Michael David Hower filed this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). In his Complaint, the Plaintiff alleges that, on July 14, 2020, Defendant Lieutenant Christopher Shelton ordered him moved to the prison's special housing unit ("SHU") in order to "hinder his ability to prosecute" a recently-filed civil lawsuit against other FCI – Ashland officials. [*Id.* at pg. 2]. On July 31, 2020, Plaintiff alleges that Special Investigative Supervisor ("SIS") Officer Chad Gee visited him in the SHU and informed him that Defendant ordered him moved to the SHU to await transfer because of the pending lawsuit, which he claims evidences "clear retaliation" by the Defendant. [*Id.*]. As a result

of his being moved to the SHU, Plaintiff states that he lost his job working in the kitchen and was impeded from searching for an attorney to assist him in his pending lawsuit. [*Id.* at pg. 4]. He further alleges that he lost access to his legal papers, research materials, and court documents after being moved to the SHU. [*Id.* at pg. 4–5]. Moreover, he alleges that the Defendant impeded his access to the Court by tampering with his incoming and outgoing mail. [*Id.* at pg. 5, 8]. After filing the instant lawsuit against the Defendant in his official and individual capacities, Plaintiff was ultimately transferred to the Federal Correctional Institution in Milan, Michigan ("FCI – Milan"), where he is currently incarcerated. [R. 11].

Early in this action, the Defendant filed a motion to dismiss, which this Court construed as a motion for summary judgment under Fed. R. Civ. P. 56. [R. 26 & 39]. Therein, Defendant stated that the Plaintiff had been moved to the SHU pending a Threat Assessment following notification that he was harassing an FCI – Ashland staff member, Officer Damron. [R. 26-1 at pg. 3]. According to an Inmate Investigate Report, SIS Officer Chad Gee conducted the interview for the Threat Assessment, after which a conflict still existed between Plaintiff and Officer Damron, thus leading to a recommendation of transfer to another facility. [R. 26-2 at pg. 13].

The Court denied Defendant's motion for summary judgment as premature, finding that, although he submitted evidence in support of his motion, Defendant "submitted this evidence on the front end, without engaging in any discovery, which Hower has specifically requested." [R. 39 at pg. 5]. Subsequently, the Defendant filed an Answer to Shelton's Complaint, [R. 41], and soon thereafter the Court entered its Scheduling Order, [R. 48].

On March 22, 2022, the Plaintiff filed the discovery motions currently before the Court. [R. 63 & 64]. Therein, the Plaintiff asks the Court to compel Defendant to respond to interrogatories and requests for production of documents he served between October 2021 and February 2022; appoint counsel for the limited purpose of deposing a non-party fact witness, SIS

Officier Chad Gee; and "reset" the time allotted to conduct discovery. [R. 63]. Plaintiff contemporaneously filed what appears to be a copy of a separate discovery-related motion captioned "Plaintiff's Request for Sworn or Deposed Statement of SIS Officer Chad Gee," which this Court shall construe as a motion to compel a deposition by written questions. [R. 64].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37 permits a party to move for an order compelling disclosure or discovery if another party fails to respond to a discovery request. Fed. R. Civ. P. 37(a)(1). The scope of discovery is within this Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). As the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). In particular, the civil rules allow any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)). Accordingly, the Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In considering the scope of discovery, a court may balance a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle and Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush*, 161 F.3d at 367).

## III. ANALYSIS

### A. Waiver of Objections to Discovery Requests

As a threshold matter, the Plaintiff asserts that Defendant has waived all objections to discovery requests because he did not timely respond to Plaintiff's requests for written discovery. [R. 63-2 at pg. 2]. Importantly, the record reflects that Plaintiff has served three separate sets of interrogatories and requests for production:

(1) "Plaintiff's First Request for Interrogatories and for Production of Documents" (hereinafter, "First Discovery Request"), [R. 43];

(2) "Plaintiff's Second Request for Interrogatories and for Production of Documents" (hereinafter, "Second Discovery Request"), [R. 54-1]; and

(3) "Plaintiff's Third Request for Interrogatories and Production of Documents" (hereinafter, "Third Discovery Request"), [R. 57].

The First and Second Discovery Requests are identical, and the Third Discovery Request contains seven interrogatories and requests for production contained in the former Requests. Plaintiff states that Defendant did not respond to the First Discovery Request at all; Defendant did not timely respond to the Second Discovery Request within 30 days of service; and Defendant did not respond to the Third Discovery Request. [R. 63-1 at pg. 1].

Under Rules 33(b)(2) and 34(b)(2)(A), a party has thirty days to serve written responses, including objections, to interrogatories and requests for production. Fed. R. Civ. P. 34(b)(2) & 34(b)(2)(A). In the absence of an agreement between the parties, a motion for extension of time, or a motion for protective order, a party's failure to object to discovery requests within this thirty-day period constitutes waiver of any objection. *See Drutis v. Rand McNally & Co.*, 236 F.R.D. 325, 327 (E.D. Ky. 2006). Notwithstanding this general rule, a party's waiver may excused be for good cause. *See Caudle v. Dist. of Columbia*, 263 F.R.D. 29, 33 (D.D.C. 2009); Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

Here, the Plaintiff served the First Discovery Request on October 1, 2022. [R. 43]; *see* Fed. R. Civ. P. 5(b)(2)(E) (a paper is considered served upon electronic filing when recipient is a registered user). The Defendant admits receiving the request, but did not respond because it was served before the Court entered its Scheduling Order, [R. 48], thus meaning "discovery had not yet commenced." [R. 68 at pg. 1–2]. While the Federal Rules generally provide that "[a] party may not seek discovery from any source" before conferring as required by Rule 26(f), this action

is exempted from conducting such conferences under the Rules. Fed. R. Civ. P. 26(d)(1); Fed. R. Civ. P. 26(a)(1)(B)(iv) (exempting "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision"). Moreover, the Federal Rules do not provide that discovery "commences" upon issuance of a Scheduling Order. Rather, a Scheduling Order "must limit the time to join other parties, amend the pleadings, *complete* discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A) (emphasis added).

Although Defendant's argument that the First Discovery Request was premature, thus alleviating his duty to respond, is not sound, the Federal Rules must be construed and administered in order to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Thus, in light of the Federal Rules' ambiguity, the Court shall deem the First Discovery Request served upon entry of the Scheduling Older on October 29, 2021. [R. 48]. However, the Court further declines to find that the Defendant waived objections as to the First Discovery Request because Defendant did eventually respond to Plaintiff's interrogatories and request for production, albeit in his response to Plaintiff's Second Discovery Request.[1] The Court maintains wide discretion in handling discovery matters. As part of this discretion, the Court may "permit a longer time for written answer to a [written discovery request] and to accept the filing of an answer that would otherwise be untimely." *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (internal quotation marks and citation omitted). The Court hereby exercises its discretion to accept Defendant's responses to Plaintiff's First Discovery Request as timely and preserves the objections therein.

Plaintiff's assertions that Defendant did not timely respond to the Second Discovery

---

[1] As discussed at length later in this Memorandum Opinion & Order, Plaintiff's First Discovery Request and Second Discovery Request contain identical interrogatories and requests for production. *Compare* [R. 43 & 54-1]. Thus, the responses and objections to Plaintiff's Second Discovery Request, served upon Plaintiff on January 27, 2021, are inherently responsive to Plaintiff's First Discovery Request.

Request are, moreover, without merit. Plaintiff effected service of the Second Discovery Request upon Defendant on December 28, 2021 and Defendant served his responses on January 27, 2022.[2] Thus, Defendant's responses and objections were timely under Rules 33 and 34.

In his Reply, Plaintiff advises the Court that he has now received Defendant's response to his Third Discovery Request. Therein, he asserts that Defendant's responses are untimely.[3] Even if they are untimely, Defendant's waiver of objections is meritless. First and foremost, although the request is captioned "Plaintiff's Third Request for Interrogatories and Production of Documents," [R. 57], the filing appears to merely be replying to Defendant's objections and responses to Plaintiff's Second Discovery Request. The Federal Rules governing interrogatories and requests for production of documents do not provide for a party issuing a "reply" in support of his or her own discovery request. However, despite having no obligation to do so, the Defendant *did* respond to Plaintiff's Third Discovery Request "out of an abundance of caution" in the event the Court decided to construe Plaintiff's requests as a motion to compel. [R. 60 at pg. 1]. In any event, the Defendant does not raise any new objections that were not raised in his responses to Plaintiff's Second Discovery Request, meaning there are no objections to waive.

For the foregoing reasons, the Court finds that the Defendant has not waived any objections as to Plaintiff's written requests for discovery.

### B. Motion to Compel

Across two filings, Plaintiff requests that the Court compel responses to multiple types of

---

[2] Plaintiff alleges that he mailed the Second Discovery Request on November 4, 2021, along with a settlement proposal. [R. 63-1 at pg. 1]. Counsel for Defendant informed Plaintiff, and advises the Court, that he never received the request and that he asked Plaintiff to resend them. On the record alone, the Court cannot make a determination as to whether Defendant received the discovery Plaintiff allegedly served November 4, 2021. Accordingly, the Court shall accept December 28, 2021 as the service date of Plaintiff's Second Discovery Request.

[3] The record indicates that Plaintiff effected service of the Third Discovery Request by electronically filing it on February 10, 2022. [R. 57]. Defendant sent their responses by Certified Mail on March 16, 2022, 34 days later. [R. 68-3].

fact discovery. First, he asks the Court to compel responses to written discovery requests. [R. 63]. Notably, as discussed above, the only three sets of written discovery requests in the record are duplicative in part. The Plaintiff also seeks an order from this Court compelling the Defendant to provide a sworn or deposed statement from the non-party SIS Officer who conducted a Threat Assessment while Plaintiff was held in the SHU at FCI – Ashland. [R. 64]. As to the latter request, the Court shall construe the motion as one requesting the Court to compel the SIS Officer to participate in a deposition by written questions pursuant to Federal Rule 31.

**1. Motion to Compel Written Discovery**

First, Plaintiff seeks to compel responses to written discovery issued between October 2021 and February 2022. The form and contents of the requests, however, are somewhat puzzling and require careful review and construction. As discussed above, the Plaintiff served three separate sets of interrogatories and requests for production. [R. 43, 54, & 57]. The First and Second Discovery Requests are identical. Similarly, the Third Discovery Request contains seven "requests," all of which are duplicative of requests posed in the Second Discovery Request. *Compare* [R. 43 & 54-1] (Third Discovery Request contains Requests No. 1–6 and Request No. 17 from Second Discovery Request). However, the Third Discovery Request includes what this Court shall construe as Plaintiff's "replies" to the Defendant's responses and objections to the Second Discovery Request. The Defendant has also filed a "Reply" to Plaintiffs filing. [R. 60]. Thus, Plaintiff's Third Discovery Request and Defendant's responsive filing shall be considered as if they were part of the briefing of the motion to compel. Thus, the Court shall only consider whether to compel responses to Plaintiffs First and Second Discovery Requests below.

*a. First Discovery Request*

The interrogatories and requests for production in the First and Second Discovery Requests are identical and, as established above, the Defendant has responded. Thus, the Court denies as

moot the motion to compel responses to Plaintiff's First Discovery Request, [R. 43], as the Defendant has served responses and objections to the same requests in the context of the Second Discovery Request. As to any complaint regarding the sufficiency of Defendant's responses, the Court shall address Plaintiff's arguments below.

*b. Second Discovery Request*

Upon careful review of the parties' filings, the Court finds that Plaintiff ultimately moves to compel responses to several interrogatories and requests for production from the Second Discovery Request: Requests No. 1–6 and Request No. 17. [R. 54-1]; *see also* [R. 57]. Plaintiff has received responses to those particular discovery requests, but asserts that Defendant "still refuses to release" discovery to which he feels he is entitled. [R. 70 at pg. 1]. Accordingly, each request shall be addressed in turn below.

> **REQUEST NO. 1:** Copy of security footage from the SHU July 14th 2020 through August 14 2020.

[R. 57 at pg. 2]. To the above request, Defendant responds that the security footage requested does not exist and referred the Plaintiff to a Memorandum that purportedly addresses the existence of the security footage. Plaintiff then responds that he has not been provided any Memorandum and, in essence, insinuates that the Defendant is withholding the security footage because it contains evidence of wrongdoing. In reply, Defendant states:

> Plaintiff has been provided access to the documents attached to the Defendant's Responses to his discovery requests. According to his Unit Team at FCI Milan, Plaintiff has had the opportunity to review these documents, and has availed himself of said opportunity. Defendant adopts and reiterates his original Response to Request No. 1.

[60 at pg. 2].

The Federal Rules require a party to produce documents, electronically stored information, and tangible things "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). However, "a responding party's obligations under Rule 34 do not extend to non-existent

materials." *Phx. Process Equip. Co. v. Capital Equip. & Trading Corp.*, No. 3:16CV-00024-RGJ-RSE, 2019 U.S. Dist. LEXIS 44390, at *46 (W.D. Ky. Mar. 18, 2019) (citing *Commins v. NES Rentals Holdings, Inc.*, No. 3:16cv-00608-GNS, 2018 U.S. Dist. LEXIS 107879, at *10 (W.D. Ky. June 28, 2018)). As courts charged with supervising discovery are "often confronted by the claim that . . . there must be more that has not produced or that was destroyed[,]" the party requesting discovery must go beyond asserting that more discovery exists by "demonstrat[ing] that [materials] previously produced 'permit a reasonable deduction that other [materials] may exist or did exist and have been destroyed." *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008) (citing *Zublake v. UBS Warburg LCC*, 217 F.R.D. 309, 313 (S.D.N.Y. 2003)).

Plaintiff insinuates that Defendant has destroyed the security footage of the SHU during the dates provided in his request. Defendant states that the video does not exist. Plaintiff's response that Defendant has withheld or destroyed the video to hide wrongdoing is merely speculative and without any evidentiary support whatsoever. Defendant's response to Request No. 1 is therefore sufficient pursuant to Fed. R. Civ. P. 34 and no further response is warranted.

> **REQUEST NO. 2:** All copies of the plaintiff's Inmate Request to Staff forms sent from July 14 2020 to November 4 2020, while in the SHU.

[R. 57 at pg. 3; R. 60 at pg. 2]. In response to this request, the Defendant states that he is not in possession of the requested forms during the time frame requested, and that he does not recall receiving such forms during that time frame. Plaintiff responds that "[i]gnorance is not excuse in the eye of the law" and alleges that the form is in his file. Defendant's reply adopts and reiterates his original response.

Here, again, Defendant has stated that the documents requested pursuant to Fed. R. Civ. P. 34 are not in his custody nor his possession. The record does not indicate, nor has the Plaintiff shown, that the Defendant is the appropriate individual to whom such a discovery request should be directed. In any event, Plaintiff's mere speculation that Defendant is in possession of the

Page **9** of **17**

requested documents but is withholding them does not have any evidentiary support so as to compel Defendant to produce them. Accordingly, Defendant's response to Request No. 2 is sufficient pursuant to Fed. R. Civ. P. 34 and no further response is required.

> **REQUEST NO. 3:** Any and all copies of the log of the plaintiff's incoming and outgoing mail while in the SHU.

[R. 57 at pg. 3; R]. The record indicates that, while the Defendant originally objected to Request No. 3, Defendant has since supplied the Plaintiff with documents responsive to the request. Plaintiff's most recent Reply, [R. 70], does not contest Defendant's assertion that he has been given documents responsive to the instant request for production. Thus, the Court shall deny Plaintiff's motion to compel as to Request No. 3 as moot.

> **REQUEST NO. 4:** Any and all copies of all emails, other documents or other communication that LIEUTENANT SHELTON had with any BOP staff or Agents of the Federal Government, including officer Chris Damron, Warden J.C. Streeval, Warden H. Allen Beard Jr., SIS Officer, Counselor Todd, Unit Manager Lester, Case Manager Patton and Staff working at the Designations and Sentence Computations Service, staff working at USP Atlanta and the Federal Transfer Center in Oklahoma, starting September 15 2019, where the plaintiff's transfer, assault at USP Atlanta Holdover, mail or other related civil case was a subject, including handwritten or electronically produced or saved notes and any type of documents. These documents will show that SHELTON and other BOP staff discussed the transfer of Hower to another institution absent any "Threat", to punish, retaliate and hinder his prosecution of the related suit and interfered with the delivery of Hower's mail.

[R. 57 at pg. 4; R. 60 at pg. 3]. It appears that Defendant objected to this request for production, but the objection itself is not in the record for the Court's consideration. However, Plaintiff did respond to Defendant's objection, seemingly in an attempt to tailor his original request by stating:

> In an attempt to negotiate and foster goodwill between the parties, the plaintiff asks that you provide him an email from Lt. Shelton to Officer C. Damron written and sent before July 14 2020 instructing Officer Damron to leave inmate Hower alone, to give it time to cool-down or offer Officer Damron any other type of advice on how to stop any future bad feelings between Officer Damron and Inmate Hower.

[R. 60 at pg. 3]. Defendant reiterated and adopted his prior objection in reply to Plaintiff's response above.

Unable to determine the merits of the Defendant's objection on the record, the Court turns to assess whether the narrower version of Plaintiff's request is violative of Federal Rule 34. The original request plainly exceeds the scope of discovery which is permitted under the Federal Rules. This single request asks that Defendant produce communications between the Defendant and at least six other individuals who work at USP Atlanta and the Federal Transfer Center in Oklahoma. As to the tailored version of his request, it may also overly broad or sweeping in its scope, but it does describe with reasonable particularity the documents sought by the Plaintiff. However, the request is not reasonably calculated to yield evidence that is relevant to Plaintiff's claims. Plaintiff has not demonstrated the relevance of correspondence between a non-party, Officer Damron, and the Defendant as it pertains to Hower's allegations of constitutional violations by the Defendant. Thus, the Court is not inclined to compel production of documents where the Plaintiff has failed to meet the minimum threshold of relevance.

> **REQUEST NO. 5:** Copies of all written and verbal complaints, grievances or other documentation received by Lieutenant Shelton or his agents concerning the mistreatment of other inmates or any other allegation of misconduct perpetrated by Officer Chris Damron, the final disposition of such and the complaining party's current location i.e., if the complaining party was placed in the SHU and/or transferred to another institution, date of placement in the SHU and/or transfer and reason for such.

[R. 57 at pg. 6; R. 60 at pg. 5]. The Defendant objected to Plaintiff's request for production, but the objection does not appear on the record. In response to Defendant's objection, Plaintiff appears to tailor his request again, stating:

> The Plaintiff is willing to accept a Memorandum or other sworn document compiled by the BOP that identify the complaining party initials, a brief description of the complaint, the final disposition of the complaint, if the party was placed in the SHU and/or transferred and dates of such and reasons for. This will show that Shelton has a history of transferring and punishing inmates who file grievances against Officer Damron.

[R. 60 at pg. 5]. Defendant, in reply, adopted and reiterated his original objection and response to the request. [*Id.*].

The original version of Plaintiff's request seems to be violative of Rule 34, as it is sweeping in scope when it requests "[c]opies of all written and verbal complaints, grievances or other documentation received by Lieutenant Shelton or his agents," without providing a time frame or other any other limitation to the request. Notably, Plaintiff requests complaints, grievances, and other documentation made by or related to "other inmates," and related to conduct by non-party Officer Damron. Again, the request on its face fails to meet the threshold requirement that a request is reasonably calculated to yield information or evidence that is relevant to a party's claims or defenses. Officer Damron is not a party to his case, and Plaintiff fails to establish that the request would yield documents or information which fall within the scope of discovery provided by Federal Rule 26(b).

Separate and independent from the irrelevance of Plaintiff's request, Plaintiff's tailored version of Request No. 5 is also improper because it asks Defendant to create or compile a document containing an overview of the documents in his initial request. While "Rule 34 requires a party 'to produce documents that already exist[,]'" it does *not* "require a party 'to create a document in response to a request for production.'" *Commins v. NES Rentals Holdings, Inc.*, No. 3:16CV-00608-GNS, 2018 U.S. Dist. LEXIS 107879, at *29 (W.D. Ky. June 28, 2018) (quoting *Harris v. Advance Am Cash Advance*, 288 F.R.D. 170, 174 (S.D. Ohio 2012)). Thus, Defendants are not obliged to create a document for production composed of Plaintiff's otherwise irrelevant requests. Accordingly, the Court shall not order further response to Request No. 5.

> **REQUEST NO. 6:** Copy of any investigation report and any video evidence completed when Hower was assaulted at USP Atlanta Holdover.

[R. 57 at pg. 7]. The Defendant objected to this request to on the basis that it "bears no relevance to the claims in the present case, and does not involve Lt. Shelton." [R. 60 at pg. 5]. Indeed, the allegations enumerated in the Complaint took place at FCI – Ashland, not at the USP Atlanta Holdover. Further, Plaintiff's Complaint does not allege any claims of assault, by the Defendant

or otherwise. Plaintiff explains in his response that Defendant is responsible for the alleged assault by renewing his allegation that Defendant ordered Plaintiff placed in the SHU, and that subsequently the Defendant conspired to have him transferred. This request is not reasonably calculated to yield information or evidence that would fall in the scope of discovery provided under Rule 26(b). Thus, the Defendant's objection to this request is sustained and the Defendant is not obliged to supplement his response.

> **REQUEST NO. 17:** State the way and by whom SIS was notified of any perceived "harassment" against Officer Damron by the plaintiff. If an email(s), report form or other document was filled out or sent by Officer Damron or other staff member, produce the document(s).

[R. 57 at pg. 8]. Defendant objected to the above interrogatory, but the objection is not in the record for the Court's review. However, independent of Defendant's objection, the interrogatory runs afoul of Rule 33. First, the request is directed at the Defendant, but asks for information about communications between other individuals. Second, the individuals that allegedly made the communications are Officer Damron and an SIS officer, neither of whom are parties to this action. Third, the request does not appear to be relevant to any claims that the Defendant violated the Plaintiff's constitutional rights, and therefore does not meet the minimum threshold of relevance as required under Federal Rule 26(b). Thus, the Defendant is not obliged to further supplement his response to Request No. 17.

**2. Motion to Compel Deposition by Written Questions**

Next, Plaintiff moves for a "sworn or deposed statement" of SIS Officer Chad Gee "explaining the events in a time table list of events from July 31, 2020 in his own words." [R. 64 at pg. 1]. The Plaintiff does not invoke any Federal Rule which would permit discovery in this manner, but the Court shall construe the request leniently as he is unrepresented by counsel. *See Eglinton v. Loyer (In re G.A.D., Inc.)*, 340 F.3d 331, 335 (6th Cir. 2003). From his motion, it appears that Plaintiff seeks a written statement under oath that would provide a timeline of the

events underlying his Complaint so that he can establish that the Defendant "misrepresented the information to the BOP and to the court to justify the cover up of the retaliatory placement in the SHU and transfer of Hower to another prison[.]" [*Id.*].

The Federal Rules governing interrogatories and requests for production only provide that such discovery may be sought from *parties* to an action. *See* Fed. R. Civ. P. 33(a)(1) & 34(a). As SIS Officer Gee is not a party, the only discovery tools at Plaintiff's that might yield the requested information are depositions by oral examination pursuant to Fed. R. Civ. P. 30, or depositions by written questions pursuant to Fed. R. Civ. P. 31. Plaintiff's motion appears to seek a written statement under oath. Thus, the Court shall construe the Plaintiff's request as one seeking to compel SIS Officer Gee to be deposed by written questions.

Federal Rule 31 provides that "[a] party may, by written questions, depose any person, without leave of court[.]" Fed. R. Civ. P. 31(a)(1). The party seeking the deposition must also provide written notice to every other party and the prospective deponent, stating the deponent's name and address or "a general description sufficient to identify the person or the particular class or group to which the person belongs." Fed. R. Civ. P. 31(a)(3). In addition to these requirements, the party must compel the deponents attendance by subpoena under Rule 45. Fed. R. Civ. P. 31(a)(1). Plaintiff has not submitted any exhibits showing service of notice as required under Rule 31, nor that he has issued a subpoena pursuant to Rule 45. This Court cannot compel discovery which has not been previously requested. In the absence of any showing that the Plaintiff has complied with the dictates of Rule 31(a), his motion must be denied on procedural grounds.

### C. Motion for Limited Appointment of Counsel

Plaintiff also moves for the Court to appoint counsel for the limited purpose of taking the oral deposition of SIS Officer Gee. There is no constitutional right to appointment of counsel in a civil case. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). "It is a privilege that is justified

only by exceptional circumstances." *Id.* at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). To determine whether exceptional circumstances exist, courts must examine "the type of case and the abilities of the plaintiff to represent himself." *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987). Among the factors the Court will consider are the complexity of the case, the movant's likelihood of success on the merits of the claim, and the ability of the plaintiff to represent himself competently. *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009); *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

Here, the Plaintiff has not demonstrated that his case is one that would merit the appointment of counsel, even for the limited purpose of conducting a deposition. Plaintiff argues, first, that his claims are factually complex. As this Court has previously found, "it appears from the complaint and other filings that [the Plaintiff] has an adequate understanding of the issues and matters involved in this case and of the litigation process itself." [R. 45 at pg. 2]. Plaintiff also states that the Court has made a preliminary finding of merit to his claims by denying Defendant's motion for summary judgment. [R. 63-2 at pg. 3]. As stated previously, "the Court has not made a ruling on the merits of [the Plaintiff's] claims; rather, the Court's denial of Defendant's motion for summary judgment was largely based on the timing of the motion rather than the merits of [the] claims." [R. 45 at pg. 2] (citing [R. 39 at pg. 5]).

As to Plaintiff's ability to represent himself, Plaintiff's multiple discovery requests and the instant motion to compel demonstrate not only an understanding of the Federal Rules which govern discovery, but a clear capacity to employ them throughout the duration of litigation. While the Court understands that a plaintiff's "incarceration or poverty . . . [may] extraordinarily debilitate[]

his ability to investigate crucial facts[,]" courts generally have not found such limitations constitute an exceptional circumstance. *Marr v. Foy*, No. 1:07-cv-908, 2008 U.S. Dist. LEXIS 97891, at *10 (W.D. Mich. Dec. 3, 2008) (quoting *Coates v. Kafczynski*, 2006 U.S. Dist. LEXIS 8641, *1 (W.D. Mich. Feb. 22, 2006)).  Rather, "[t]he difficulties faced by [the Plaintiff] are the same faced by all *pro se* prisoners." *Boykin v. Davis*, 2008 U.S. Dist. LEXIS 32053, *2 (C.D. Ill. Apr. 18, 2008).  Here, the Plaintiff has not provided any other reason for appointment of counsel beside his current incarceration and the difficulties therein.

Finally, as to the movant's likeliness of success on the claims, Plaintiff's assertion that SIS Officer Gee's deposition testimony would corroborate his claims is not sufficient to merit the appointment of counsel.  In fact, the assertion that Plaintiff's entire case may depend on one individual's sworn testimony suggests that Plaintiff may have a low likelihood of success on the merits of his claims.  Based on the foregoing, Plaintiff has failed to carry his burden to demonstrate an exceptional circumstance that would warrant the appointment of counsel.

### D. Motion for Extension of Fact Discovery Deadline

Finally, the Plaintiff moves for an extension to the fact discovery deadline. [R. 63].  Fact discovery closed on May 2, 2022. [R. 48].  Plaintiff states that additional time is needed to conduct fact discovery because Defendant has ignored his requests for production in order to "waste money and time . . . in an attempt to 'run the clock.'" [R. 63-1 at pg. 2].  Defendant opposes the motion, stating that Plaintiff has served "considerable written discovery (and received responses thereto)." [R. 68 at pg. 3].

A deadline established by the Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  As already established, Defendant's responses and objections to Plaintiff's written discovery requests were sufficient.  Thus, there is no merit to Plaintiff's claim that Defendant has been intentionally dilatory in order to "run the

clock" on the Court's fact discovery deadline. Moreover, the Plaintiff has not stated, nor does the Court perceive, any good cause for extending a deadline that elapsed four months ago. Not only has he participated in discovery by serving multiple written discovery requests, but he has also received documents and information responsive to those requests. Absent good cause for an extension, the Court shall deny Plaintiff's motion to extend the fact discovery deadline.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's motions to compel to be without merit; Plaintiff has failed to establish exceptional circumstances which would merit the appointment of counsel; and Plaintiff has failed to make a showing of good cause for an extension of the fact discovery deadline. Having fully considered the matter, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that:

1. Plaintiff's Motion to Compel Written Discovery [R. 63] is **DENIED**;

2. Plaintiff's Request for Sworn or Deposed Statement of SIS Officer Gee [R. 64] is **DENIED**;

3. Plaintiff's Motion for Limited Appointment of Counsel [R. 63] is **DENIED**; and

4. Plaintiff's Motion to Extend the Fact Discovery Deadline [R. 63] is **DENIED**.

Signed September 12, 2022.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge